MICHELE BECKWITH
Acting United States Attorney
HEIKO P. COPPOLA
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED

Jan 16, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GAL YIFRACH,<br>SHALOM IFRAH,<br>JESUS CISNEROS-SANCHEZ, AND<br>PHUOC TRAN<br><br>Defendants. | CASE NO. 2:22-cr-0046 WBS<br><br>18 U.S.C. § 1955(a) – Conducting an Illegal Gambling Business; 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 1955(d), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

## S U P E R S E D I N G   I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 1955(a) – Conducting an Illegal Gambling Business]

The Grand Jury charges: T H A T

GAL YIFRACH,
JESUS CISNEROS-SANCHEZ, and
PHUOC TRAN,

defendants herein, beginning no later than in or about January 2018, and continuously thereafter through in or about July 2023, in the State and Eastern District of California, did conduct, manage, supervise, and direct all or part of an illegal gambling business, to wit, a gambling business involving supplying, operating, and maintaining video slot machines and devices and involving receiving, holding, and forwarding money to be staked, pledged, bet, and wagered upon the result of a contest and contingent

event, in violation of the laws of the State of California, to wit, California Penal Code §§ 330b and 337a(a)(3), and which involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said illegal gambling business, and which remained in substantially continuous operation for a period in excess of thirty days and had gross revenue of $2,000.00 in any single day, all in violation of Title 18, United States Code, Sections 2 and 1955(a).

COUNT TWO: [18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering]

The Grand Jury further charges: T H A T

> GAL YIFRACH, and
> SHALOM IFRAH,

defendants herein, as follows:

## I. INTRODUCTION

At all times relevant to this Indictment:

1. GAL YIFRACH was an individual residing in Los Angeles, California.
2. SHALOM IFRAH was an individual residing in Los Angeles, California.
3. NICK SHKOLNIK was an individual residing in Van Nuys and Los Angeles, California.
4. YOSEF YITZCHAK BESHARI, charged elsewhere, was an individual residing in Los Angeles, Van Nuys, and North Hollywood, California.
5. Individual 6 resided in Beverly Hills and Los Angeles, California.
6. CORPORATION 3 was a corporation registered in Van Nuys, California.
7. CORPORATION 4 was a corporation registered in Los Angeles, California.
8. CASINO 1 was a casino located in Bell Gardens, California.
9. YIFRACH, SHKOLNIK, BESHARI, and others known and unknown to the grand jury conducted an illegal gambling business from various locations in the Eastern District of California and elsewhere. This business collected proceeds from its gambling operations, at least in part, in the form of cash.

## II. THE CONSPIRACY

10. Beginning no later than in or about March 2018 and continuing through in or about July 2020, in the State and Eastern District of California and elsewhere, YIFRACH and IFRAH did

knowingly combine, conspire, and agree with each other and with persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

    a.) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conducting an illegal gambling business in violation of 18 U.S.C. § 1955(a), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and,

    b.) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conducting an illegal gambling business in violation of 18 U.S.C. § 1955(a), knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

### III.   MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

11.     YIFRACH and other individuals acting at YIFRACH's direction, including SHKOLNIK and BESHARI, collected the cash proceeds of their illegal gambling business from various locations in the Eastern District of California and elsewhere, and they transported those cash proceeds to other locations in California.

12.     Individuals who had collected the cash proceeds of the illegal gambling business at

YIFRACH's direction, including SHKOLNIK and BESHARI, delivered such cash proceeds to YIFRACH and IFRAH.

13. YIFRACH and IFRAH used, caused to be used, and agreed to use multiple methods to exchange cash proceeds of the illegal gambling business for other items of value to conceal the fact that their income was derived from operating an illegal gambling business.

14. For example, as one method, YIFRACH and IFRAH provided, caused to be provided, and agreed to provide cash proceeds of the illegal gambling business to Individual 6 in exchange for checks from CORPORATION 3 and CORPORATION 4.

15. As another method, YIFRACH and IFRAH provided, caused to be provided, and agreed to provide cash proceeds of the illegal gambling business to individuals in exchange for casino chips. YIFRACH subsequently exchanged the casino chips for checks from the casino. YIFRACH deposited such casino checks into his bank account and used the funds to purchase real estate.

16. In addition, YIFRACH and IFRAH exchanged, caused to be exchanged, and agreed to exchange cash proceeds of the illegal gambling business in amounts of $10,000 or less in exchange for cash in larger denominations from a bank, agreeing and intending that the amount of cash exchanged at one time be equal to or less than $10,000 for the purpose of avoiding transaction reporting requirements.

17. YIFRACH and IFRAH frequently sent electronic messages to each other to coordinate the transactions.

18. For example, on or about March 4 and 5, 2018, YIFRACH and IFRAH discussed by electronic message taking money from BESHARI and from YIFRACH's drawer to exchange for checks totaling around $10,800. On or about March 5, 2018, YIFRACH's JPMorgan Chase bank account ending in 9897 received five checks totaling $10,893.47 from CORPORATION 3.

19. In another example, between on or about October 24 and October 27, 2018, YIFRACH and IFRAH discussed by electronic message taking money from BESHARI, SHKOLNIK, and YIFRACH's safe in order to give a total of $150,000 to an individual in exchange for casino chips from CASINO 1. On or about November 28, 2018, YIFRACH exchanged $200,500 in casino chips for two checks totaling $200,500 from CASINO 1.

20. In another example, on or about October 25, 2018, IFRAH informed YIFRACH by

electronic message that he could exchange only about "30" to $100 bills because he could change only "10" in each bank without having a report, and YIFRACH agreed. Between on or about October 25 and October 27, 2018, IFRAH conducted multiple exchanges at banks where he exchanged exactly $10,000 in smaller bills for larger bills.

21. In another example, on or about January 8, 2020, YIFRACH told IFRAH by electronic message that they needed to consult with someone about cleaning the cash, and IFRAH responded that it would be best to continue registering as an employee of a company and giving cash for checks.

All in violation of Title 18, United States Code, Section 1956(h).

FORFEITURE ALLEGATION: [18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 1955(d), and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of the offenses alleged in Counts One and Two of this Superseding Indictment, defendants GAL YIFRACH, SHALOM IFRAH, JESUS CISNEROS-SANCHEZ, and PHUOC TRAN shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982 (a)(1), and 1955(d), and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including but not limited to the following:

    a. Approximately $317,051.00 in U.S. Currency,
    b. Approximately $85,245.00 in U.S. Currency seized from U.S. Private Vault Box Number 4504,
    c. Approximately $163,051.00 in U.S. Currency seized from U.S. Private Vault Box Number 4706,
    d. Approximately 4.25 Bitcoin,
    e. Approximately $23,505.00 in U.S. Currency,
    f. Approximately $1,075.00 in U.S. Currency,
    g. Real property located at 465 S. Mansfield Avenue, Los Angeles, California, Los Angeles County, APN: 5507-011-013,
    h. Real property located at 806 N. Genesee Avenue, Los Angeles, California, Los Angeles County, APN: 5527-005-012, and
    i. Real property at 851 – 853 N. Las Palmas Avenue, Los Angeles, California, Los Angeles County, APN: 5524-005-002.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One and Two of this Superseding Indictment, for which defendants are convicted:

    a. cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

*Michele Beckwith* (signature)

MICHELE BECKWITH
Acting United States Attorney

No. 2:22-cr-0046 WBS

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
*vs.*

GAL YIFRACH, **NO PROCESS NECESSARY**
SHALOM IFRAH, **NO PROCESS NECESSARY**
JESUS CISNEROS-SANCHEZ, **No Bail Warrant Pending Hearing**
PHUOC TRAN **No Bail Warrant Pending Hearing**

## INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1955(a); 18 U.S.C. § 1956(h);
18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 1955(d), and 28 U.S.C. § 2461(c)

*A true bill,*   /s/ Signature on file w/AUSA

——————————————————
*Foreman.*

*Filed in open court this* _____ *day*
*of* _____, *A.D. 20* _____
            /s/ Jenny Wood
——————————————————
*Clerk.*

**No Bail Warrant Pending Hearing** for Cisneros-Sanchez and Tran
*Bail, $* _____
**NO PROCESS NECESSARY** for Yifrach and Ifrah   /s/ Carolyn K. Delaney

GPO 863 525

<u>**United States v. Yifrach, et.al.**</u>
**Penalties for Superseding Indictment**

**<u>Defendants</u>**
**Gal Yifrach**
**Shalom Ifrah**
**Jesus Cisneros-Sanchez**
**Phuoc Tran**

| | |
|---|---|
| **<u>COUNT 1:</u>** | **Yifrach, Cisneros-Sanchez, and Tran** |
| VIOLATION: | 18 U.S.C. § 1955(a) – Conducting Illegal Gambling Business |
| PENALTIES: | A maximum of up to 5 years in prison; or<br>Fine of up to $250,000; or both fine and imprisonment<br>Supervised release of up to 3 years |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **<u>COUNT 2:</u>** | **Yifrach and Ifrah** |
| VIOLATION: | 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering |
| PENALTIES: | Maximum of 20 years imprisonment, or<br>Fine of up to $500,000, or twice the value of the monetary instrument or funds involved, whichever is greater;<br>Supervised release of three years |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **<u>FORFEITURE ALLEGATION:</u>** | **All Defendants** |
| VIOLATION: | 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 1955(d), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| PENALTIES: | As stated in the charging document |